UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COREY HUME ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-0935 |
| CONSOLIDATED GRAIN & BARGE, INC. ET AL. | SECTION A(2) |

### ORDER AND REASONS

Before the Court is a **Motion for Leave to File Cross-Claim (Rec. Doc. 21)** filed by Defendant Consolidated Grain & Barge, Inc. ("CGB"). Defendant Quality Marine Services, Inc. ("Quality Marine"), opposes the motion. The motion, set for submission on January 27, 2016, is before the Court on the briefs without oral argument. Trial is set to begin in this matter on April 18, 2016.

### I. Background

Plaintiffs Corey Hume and Clarence Robinson were employees of Defendant CGB. (Rec. Doc. 1, Compl. ¶ 4). Plaintiffs were working aboard the M/V Bayou Special, while the M/V Mr. Lewis, owned and operated by Quality Marine, pushed the Bayou Special. (*Id.* ¶ 5). According to the complaint, a "breast wire/running wire" of the Bayou Special "rose up and struck" Plaintiffs, hitting each of them in the face and head, causing permanent damage. (*Id.* ¶ 6).

In the instant motion, CGB seeks to file a cross-claim against Quality Marine, alleging that Quality Marine is contractually obligated to indemnify, defend, and hold harmless CGB from Plaintiffs' claims. The Court construes CGB's motion as a motion to amend its answer and add the aforementioned cross-claim.

1

**II.     Analysis**

Rule 15(a) establishes a liberal amendment policy, and a motion to amend should not be denied absent a substantial reason to do so. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir.1981).

When, as here, the deadline for seeking leave to amend pleadings has passed, a court considering the motion to amend must first determine whether to modify the scheduling order under the good cause standard set forth in Federal Rule of Civil Procedure 16(b)(4); *S&W Enters., L.L. C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The good cause requirement for a modification of a scheduling deadline requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, F.3d at 535 (citation and internal quotation omitted). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536.

The Fifth Circuit has set forth a four-part test governing the exercise of this Court's discretion in determining whether a movant has established good cause. *Id.* The Court considers (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.*

In considering the four-part test set forth by the Fifth Circuit, this Court finds that CGB has established good cause. Counsel for CGB explained that they did not know of the contract between

CGB and Quality Marine until five months after the deadline. While CGB should have brought this to counsel's attention before that time, the Court is satisfied with counsel's assertion that there was no dilatory or bad faith conduct on the part of CGB. Further, the Court finds this cross-claim important to the resolution of liability among the parties in this case. Lastly, the Court finds that Quality Marine will be minimally prejudiced, as it can move the Court to extend deadlines if necessary to allow it to defend against this new claim. Because CGB has established good cause, and in light of the liberal amendment policy set forth in Rule 15(a), the Court finds that there is no substantial reason to deny the amendment.

Accordingly;

**IT IS ORDERED** that **Motion for Leave to File Cross-Claim (Rec. Doc. 21)** is **GRANTED**.

February 3, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE
