UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COREY HUME, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-0935 |
| CONSOLIDATED GRAIN & BARGE, INC., ET AL. | SECTION A(2) |

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss Plaintiffs' Claims for Punitive Damages (Rec. Doc. 27)** filed by Defendant Consolidated Grain & Barge, Inc. ("CGB"). Also before the Court is a **Motion for Judgment on the Pleadings (Rec. Doc. 30)** filed by Defendant Quality Marine Services, Inc. ("Quality Marine"). The motions, set for submission on February 10, 2016, are before the Court on the briefs without oral argument.

### I. Background

Plaintiffs Corey Hume and Clarence Robinson were employees of Defendant CGB. (Rec. Doc. 1, Compl. ¶ 4). Plaintiffs were working aboard the M/V Bayou Special, while the M/V Mr. Lewis, owned and operated by Quality Marine, pushed the Bayou Special. (*Id.* ¶ 5). According to the complaint, a "breast wire/running wire" of the Bayou Special "rose up and struck" Plaintiffs, hitting each of them in the face and head. (*Id.* ¶ 6). Both Plaintiffs suffered brain injuries, Robinson lost an eye, and Hume's injuries required him to have the side of his face reconstructed. (Rec. Doc. 37).

### II. Motion to Dismiss Plaintiffs' Claims for Punitive Damages

In Plaintiffs' response to this motion, Plaintiffs concede that, in light of recent Fifth Circuit case law, punitive damages are unavailable for Jones Act negligence and for unseaworthiness. Thus, the Court grants CGB's motion and dismisses only Plaintiffs' claims for punitive damages arising from Jones Act negligence and from unseaworthiness.

### III.   Motion for Judgment on the Pleadings

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (parenthetical in original) (quotations, citations, and footnote omitted).

In this motion, Quality Marine moves the Court to dismiss Plaintiffs' claims to recover for employer negligence under the Jones Act, unseaworthiness under general maritime law, and maintenance and cure. Quality Marine also seeks dismissal of Plaintiffs' claims for punitive damages under general maritime law.

Plaintiffs' response does not address Quality Marine's request to dismiss Plaintiffs' claims against Quality Marine for employer negligence, unseaworthiness, and maintenance and cure. Thus, because this part of Quality Marine's motion is unopposed and because it appears to the Court that Quality Marine's arguments on this have merit, the Court grants the motion with respect to these claims.

Regarding Plaintiffs' claims for punitive damages, Quality Marine cites *McBride v. Estis Well Service*, 768 F.3d 382, 391 (5th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 2310 (2015). In *McBride*, the Fifth Circuit relied on the Supreme Court's decision of *Miles v. Apex Marine Corp.*, which held that the Jones Act limits a seaman's recovery to pecuniary losses where liability is predicated on the Jones Act or unseaworthiness. *McBride*, 768 F.3d at 384 (citing *Miles v. Apex Marine Corp.*, 498 U.S.

19 (1990)). The Fifth Circuit reasoned that because punitive damages are nonpecuniary losses, the injured seamen in *McBride* could not recover punitive damages against his employer. *Id.*

Quality Marine also relies on *Scarborough v. Clemco Industries*, 391 F.3d 660, 668 (5th Cir. 2004). In *Scarborough*, the Fifth Circuit held, consistent with *Miles* and *McBride*, that neither a seaman who has invoked his Jones Act seaman status nor his survivors may recover punitive damages against a non-employer third party. *Id.* at 668. The court wrote that such claims are "analogous to causes of action brought pursuant to the Jones Act." *Id.* The court found that it would be "improper" to allow recovery of nonpecuniary damages "when Congress has disallowed the recovery of identical damages in a Jones Act suit." *Id.*

In its opposition, Plaintiffs rely on a recent decision from this district, *Collins v. A.B.C. Marine Towing, L.L.C.*, 14-1900, 2015 WL 5254710 (E.D. La. Sept. 9, 2015) (Fallon, J.). The *Collins* court, declining to follow *Scarborough*, held that punitive damages are available under general maritime law against a non-employer third party. *Id.* at *5. *Collins* noted that, since the *Scarborough* decision in 2004, the Supreme Court has held—in *Atlantic Sounding Co. v. Townsend*—that a seaman can recover punitive damages for an employer's arbitrary withholding of maintenance and cure. *Id.* at 3. This led the *Collins* court to conclude that the Supreme Court "call[ed] into question the legal reasoning and conclusions espoused in *Scarborough*" and that, consequently, *Scarborough* had been "effectively overruled." *Id.* at *5. *See also Howard v. Offshore Liftboats, LLC*, No. 13-4811, 2015 WL 7428581 (E.D. La. Nov. 20, 2015) (Morgan, J.). The *Collins* court then found, in the context of a seaman's claims against a non-employer third party where the Jones Act is not implicated, the seaman can recover punitive damages. *Collins*, 2015 WL 5254710, at *5. *See also Howard*, 2015 WL 7428581, at *2.

This Court adopts the reasoning set forth in *Collins*. The Court notes, as the *Collins* court did, that the *Townsend* Court "criticize[d] the expansive interpretation of *Miles* that had been relied upon to preclude the recovery of punitive damages." *Collins*, 2015 WL 5254710, at *3. "In holding that a

3

Jones Act seaman has a general maritime law punitive damage remedy for wilful failure to pay maintenance and cure, the *Townsend* Court stated that the 'laudable quest for uniformity does not require narrowing of damages to the lowest common demoninator approved by Congress for distinct causes of action.'" *Id.* (quoting *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 424 (2009)).

In light of this guidance from *Townsend*, the Court agrees with the *Collins* court that "there is no need for uniform treatment of an employer and a third party tortfeasor where there is no statutory remedy that is different than the general maritime law remedy." *Id.* at *4. As explained in *Collins*:

> It is indisputable that *Miles* and *McBride* involve claims for wrongful death of a seaman against a Jones Act employer. In other words, neither the *Miles* nor the *McBride* opinions address an action by a seaman against a non-employer third party tortfeasor. The Jones Act forecloses recovery for non-pecuniary loss in general maritime law cases only with respect to the relationship between a seaman and his employer. A seaman's status is relevant only in actions under the Jones Act or, after *Miles* and *McBride*, under the general maritime law against his employer.

Here, the Jones Act has no bearing on Plaintiffs' claims against Quality Marine. As far as Quality Marine is concerned, "it should make no difference whether the Plaintiff was a seaman, a longshoreman, or a passenger." *Id.*

The Court must note that *Scarborough* expressly held "that neither one who has invoked his Jones Act seaman status nor his survivors may recover nonpecuniary damages from non-employer third parties." *Scarborough*, 391 F.3d at 668. However, as *Collins* explained, this holding relied on a case that was effectively overruled years later by *Townsend*. *Collins*, 2015 WL 5254710, at *4. Because the *Townsend* holding came after *Scarborough*, and because "[t]he takeaway from *Townsend*, the governing Supreme Court law on the availability of punitive damages under general maritime law, is that a seaman can recover punitive damages under general maritime law if the Jones Act is not implicated," *id.* at *5, this Court finds that Plaintiffs may bring a cause of action against Quality Marine for punitive damages under general maritime law.

Accordingly;

4

**IT IS ORDERED** that **Motion to Dismiss Plaintiffs' Claims for Punitive Damages (Rec. Doc. 27)** is **GRANTED**;

**IT IS FURTHER ORDERED** that **Motion for Judgment on the Pleadings (Rec. Doc. 30)** is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** insofar as it regards Plaintiffs' claims against Quality Marine for employer negligence, unseaworthiness, and maintenance and cure. It is **DENIED** insofar as it regards Plaintiffs' claims against Quality Marine for punitive damages under general maritime law.

March 21, 2016

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE