UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COREY HUME ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-935 |
| CONSOLIDATED GRAIN & BARGE, INC. ET AL. | SECTION "A" (2) |

**ORDER AND REASONS ON MOTION**

This is a maritime personal injury case in which plaintiffs Corey Hume and Clarence Robinson allege that they suffered extensive and substantial injuries during a single incident in February 2015 while they were working for defendant Consolidated Grain & Barge, Inc. ("Consolidated"). Defendant filed a Motion to Quash Subpoena Duces Tecum and for Protective Order, Record Doc. No. 172, seeking to quash a subpoena duces tecum issued by plaintiffs to defendant's expert, Dr. Larry S. Stokes, and his company, Stokes & Associates, Inc. Plaintiffs filed a timely memorandum in opposition. Record Doc. No. 173. Having considered the motion papers, the record and the applicable law, IT IS ORDERED that the motion is GRANTED for the following reasons.

As to their injuries, plaintiffs contend that "Hume had the side of his face rebuilt and Robinson suffered multiple facial fractures including the loss of his right eye. Both suffered head injuries including documented brain hemorrhages which resulted in cognitive problems." Id. at p. 1. One part of plaintiffs' claims includes a request for damages for "[l]ife care plans [that] total more than $23 million for both individuals." Id. Consolidated has retained Dr. Stokes as an expert witness to testify about both life-care planning and

vocational rehabilitation. Dr. Stokes submitted his curriculum vitae and an expert report regarding each plaintiff, which fully comply with and provide all of the information required by Fed. R. Civ. P. 26(a)(2)(B) and 26(b)(4). Defendant's Exhs. 1 and 2, Record Doc. Nos. 172-5 and 172-6. Dr. Stokes has also been deposed.

After the deposition, plaintiffs served Dr. Stokes and his company with a broad-ranging and burdensome on its face subpoena duces tecum, which requests:

> 1. Please produce a complete copy of all time entries entered into the 'bill quick' software system, organized by client/examinee, which was entered at any time from September 1, 2015 through May 1, 2016 for any case in which Larry Stokes served as the vocational expert and provided the vocational evaluation. This request seeks a fully detailed printout of each such case including the amount of time entered into the software program, the date such time was performed on the file, and a description of the work performed for the time of Mr. Stokes, as well as any case researcher or case manager that also performed work on such file.
> 2. From the bill quick system, please print a report indicating the names of all 'plaintiff' cases (defined as cases in which counsel for the plaintiff retained your office or anyone working with your office) as well as the names of all 'defense' cases (defined as any case in which a defense attorney retained your office) that Larry Stokes and Associates has opened as files at any time from January 1, 2015 through January 1, 2016.
> 3. Please produce a complete copy of the entire job database of Larry Stokes and Associates as previously testified to by Mr. Stokes during his deposition testimony in this matter. This request seeks printed pages of each job description held in the job database regardless of when such data was entered into the system or created in the database.
> 4. Please produce a complete copy of the entire medical cost database of Larry Stokes and Associates which may contain any documents, forms or records relating to pricing of services for life care plans performed by anyone at Larry Stokes and Associates.

Defendant's Exh. 6, Record Doc. No. 172-10 at p. 4.

In its motion, which is supported by Dr. Stokes's declaration under penalty of perjury, Defendant's Exh. 4, Record Doc. No. 172-8, Consolidated seeks an order quashing the subpoena duces tecum and a protective order precluding plaintiffs from obtaining the requested information. Defendant argues that the subpoena improperly seeks proprietary research and development in the form of job and life care planning/medical costs databases that Dr. Stokes and his company spent many years, thousands of staffing hours and tens of thousands of dollars creating and maintaining, which should not be revealed to his competitors, namely, plaintiffs' own life-care planning and vocational rehabilitation experts. Consolidated also contends that Dr. Stokes's responses to the subpoena duces tecum would violate federal regulations under the Health Insurance Portability and Accountability Act and patient confidentiality agreements with respect to non-party patients' personal data identifiers and health information in his medical costs database and "Bill Quick" patient billing system, and that producing the voluminous information either in redacted or unredacted form would create a hardship and an undue burden.

Fed. R. Civ. P. 45 governs subpoenas. Rule 45(d)(1) provides that "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

In addition, subpoenas duces tecum to a third party "'are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.'" Garvin v. S. States Ins. Exchg. Co., No. 1:04cv73, 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) (quoting In re Application of Time, Inc.,

No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)); accord Williamson v. Horizon Lines LLC, 248 F.R.D. 79, 83 (D. Me. 2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2452 (3d ed. 2008)); Martin v. Oakland Cnty., No. 2:06-CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008) (citing Wantanabe Realty Corp. v. City of New York, 159 F. App'x 235, 240 n.2 (2d Cir. 2005)) (additional citations omitted); Fabery v. Mid-S. Ob-GYN, No. 06-2136, 2008 U.S. Dist. LEXIS 39679, at *3-5 (W.D. Tenn. May 15, 2008); Hamilton v. Am. Corrective Counseling Servs., Inc., No. 3:05-CV-434 RM, 2007 WL 724791, at *1 (N.D. Ind. Apr. 13, 2007).

The parameters established by Rule 26 are that permissible discovery extends only to that which is non-privileged, relevant to claims and defenses in the case and within the applicable Rule's proportionality limits, regardless whether those limits arise from the indistinguishable standards of Fed. R. Civ. P. 26(b)(1) and (b)(2)(C) as they existed at the time this case was filed or in those same Rules as presently configured.[1] Proportionality analysis includes consideration of factors including the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[1] This action was filed before the December 1, 2015 effective date of the recent amendments to the Federal Rules of Civil Procedure. Nonetheless, because the pre- and post-amendment standards are indistinguishable, I apply the current version of Rule 26 to the instant motion.

Scholarly evaluation of the Federal Rules and the impact of inclusion of the proportionality concept within Rule 26(b)(1)'s threshold scope of discovery indicate "that non-parties have greater protections from discovery and that burdens on non-parties will impact the proportionality analysis." E. Laporte and J. Redgrave, <u>A Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure 26</u>, 9 Fed. Cts. L. Rev. 19, 57 (2015).

> Rule 45[(d)(1)] affords non-parties a higher protection in terms of the burden that can be imposed upon them and states that the "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Indeed, when analyzing the costs and benefits of a production by a non-party in <u>Guy Chem. Co. v. Romaco AG</u>, [243 F.R.D. 310, 313 (N.D. Ind. 2007)], the court stated that "[t]he most crucial factor . . . is the fact that [the producing party] is a non-party." Although the court eventually ordered production, it was conditioned upon plaintiff paying the entire cost. Other courts have imposed similar conditions based on their reluctance to impose significant costs of litigation onto a non-party. Rule 45[(d)(1)] also commands the court to "enforce this duty [to not impose an undue burden or expense upon a non-party] and impose an appropriate sanction" upon the requesting party.

<u>Id.</u> at 57-58 (footnotes omitted). Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45. Fed. R. Civ. P. 45(d)(3); 26(c)(1)(D).

Consolidated's request for a protective order is governed by Fed. R. Civ. P. 26(c)(1), which provides in pertinent part: "A party or any person from whom discovery is sought may move for a protective order . . . The court <u>may</u>, <u>for good cause</u>, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,

including . . . specifying terms . . . for the . . . discovery." (Emphasis added). The requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); see also United States v. Talco Contractors, Inc., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

Evaluating plaintiffs' subpoena duces tecum against these standards leads to the conclusion that the requests to Dr. Stokes to produce the broad array of materials sought in the subpoena are excessive, seek much that is not relevant to the claims and defenses in this case, and are beyond what is necessary and beneficial to resolution of this case. The parties dispute the relevance of the discovery requests, with defendant arguing that the requests seek an excessively broad range of information about employment possibilities and medical services that Dr. Stokes has gathered nationally and across a wide spectrum of jobs, which have nothing to do with the limited facts of each plaintiff's case. Plaintiffs argue that they need to examine the wide range of requested materials to determine what work Dr. Stokes performed himself, what was performed by his staff and which suitable alternative jobs and medical services Dr. Stokes may have rejected for each plaintiff, in order to test the reliability of the expert's methodology and the credibility of his opinions. Although some subset of the requested materials may be relevant to the parties' claims and defenses

regarding each plaintiff's particular injuries, rehabilitation potential and life-care plan, the excessively broad requests are not proportional to the needs of the case and the burden of their production outweighs the anticipated benefit.

As to proportionality specifically, two factors favor the broad discovery requests. First, the amount in controversy is huge. Second, the issues in determining whether plaintiffs should recover for the costs of extensive life-care plans are important.

As to the other factors, the parties' relative access to the information is the same. Neither party has direct access to the databases, which are the commercially proprietary property of Dr. Stokes. This factor does not favor either side. The parties' resources appear more or less equivalent, but Dr. Stokes is not a party to this action. Although he has been retained by and is aligned with Consolidated, he is still a third party. Most third-party witnesses are aligned with one side, but they are nonetheless subject to more protection from burdensome discovery than is a party. Dr. Stokes's testimony as an expert witness is important, but the kind of minutiae and detail that plaintiffs seek from the vast range of requested materials is not important to resolving the principal issues in the case. Permitting discovery of the materials sought in the subpoena duces tecum invites the possibility of a mini-trial related to Dr. Stokes's business practices, rather than focusing on the necessary elements of each plaintiff's damages. The requested materials also are not important because Dr. Stokes has rendered a full-blown report for each plaintiff, provided his curriculum vitae that includes the cases in which he has previously testified, and been deposed. Through disclosures and deposition, plaintiffs have had ample opportunity to

obtain sufficient information to attack the reliability and credibility of Dr. Stokes's anticipated testimony through other means. Fed. R. Civ. P. 26(b)(2)(C)(ii). The potential for significant burden, including the incursion into his proprietary and commercial interest in the subject databases, and expense on Dr. Stokes are substantial, in light of the extremely broad scope of the discovery requests. He is a third party who is being asked to produce (1) personally sensitive medical and data identifying information regarding his non-party patients, which is protected by regulations and confidentiality agreements and would be very time-consuming and burdensome to redact; and (2) commercially sensitive proprietary materials that plaintiffs' own experts, who are Dr. Stokes's competitors, would review. Thus, the proportionality factors weigh against allowing plaintiffs to discover the materials they seek from Dr. Stokes.

The evidence submitted by Consolidated is precisely the kind of particular and specific demonstration of fact that results in the carrying of the burdens under Fed. R. Civ. P. 45(d)(1) and 26(b)(1) to show that the subpoena duces tecum imposes undue burden and expense that outweigh its likely benefit to the case. Accordingly, Consolidated's motion is granted, the subpoena duces tecum is QUASHED and the discovery is prohibited.

New Orleans, Louisiana, this ___21st___ day of December, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE